## NATIONAL SURETY CO. v. PAGE.
### No. 3248.

Circuit Court of Appeals, Fourth Circuit.
June 13, 1932.

NORTHCOTT, Circuit Judge, dissenting in part.

For original opinion, see 58 F. (2d) 145.

H. H. Little and W. R. L. Taylor, both of Norfolk, Va. (Hughes, Little & Seawell, of Norfolk, Va., on the brief), for appellant.

Robert W. Shultice and E. A. Bilisoly, both of Norfolk, Va., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges, and HAYES, District Judge.

PARKER, Circuit Judge.

We have carefully considered the petition for rehearing in this case and are of opinion that it presents no point not already fully considered by the court. We would content ourselves with denying the petition without opinion, but for the earnest insistence of counsel that there is some evidence which we have failed to consider, and other evidence which we have misconstrued.

Counsel urge that the record does not show a disclosure of the facts by defendant to counsel on whose advice action was taken in the institution of the proceedings complained of. No one can read the testimony of Lofgren, appearing at pages 99 to 105 of the record, or of Bilbrey, appearing at pages 136 to 142, without arriving at the conclusion that the facts of the case were fully and fairly laid before Bilbrey, and that he was acquainted with the contentions of Page as well as with the contentions of the company. It is not sufficient, of course, for one sued for malicious prosecution to testify merely that the prosecution was instituted on advice of counsel. He must go further, and show that the facts of the case were fully and fairly communicated to counsel. On the other hand, it is not necessary that the conversations with counsel be set forth with meticulous detail. In the case at bar, it appears that Bilbrey went into the case fully not only with Lofgren and Bruce, the auditor, but also with Page himself. He testifies: "I was in full possession of all the information which the company had up to that time in connection with this matter, also what Mr. Page gave me." There is no evidence that Bilbrey had any interest in the controversy or that, for any other reason, the company was not entitled to rely upon his advice.

Counsel further urge that this court was in error in holding that the facts relied on to establish probable cause were undisputed, and cites conflicting contentions by defendant on different occasions as to the amount of commissions collected by Page, and the evidence of Page's right to the controverted commissions. There was no dispute, however, as to the facts in the case which we think controlling. It was established beyond cavil that

Page had collected premiums belonging to the company; that the amount of the premiums so collected exceeded the disputed commissions which Page claimed the right to offset; and that he refused to pay over the amount admittedly due by him except upon condition that same be received in full settlement. There was thus an admitted withholding by him of moneys due the company.

Even if the premiums collected had not exceeded the disputed commissions, there would be upon the admitted facts strong support for the position that there was probable cause for the institution of the proceedings complained of; for, even in that case, a reasonable man might well have concluded that Page was willfully withholding moneys due the company. It is true that Page was asserting a claim for the disputed commissions; but a reasonable man might have concluded that the claim was unfounded and was put forward to escape the payment due. Page was indebted to the company, when the dispute arose, for premiums on business done in the preceding year; and the company had been writing him in regard to same. His claim for commissions was on business which he was not authorized to write for the company at the time it was written; and prior to the judgment in the civil action which was instituted later, there was grave doubt as to whether he was entitled to them. The representatives of the company asked that he pay over the moneys collected belonging to it and bring suit in the courts to test his right to the amount in dispute; but he refused to do this, insisting upon withholding the payment of trust funds on the basis of this disputed claim, and not until after the company had commenced the proceedings complained of did he offer to arbitrate the matter in dispute.

But without deciding whether there was probable cause for instituting the proceeding because of Page's withholding of premiums to the amount of the disputed commissions, we are of opinion that his withholding premiums in excess of this amount and demanding a release in full as a condition of paying what was admittedly due, when he knew that there was a bona fide dispute as to the remainder, constituted probable cause for the action which the company took. The case of White v. International Text Book Co., 156 Iowa, 210, 136 N. W. 121, 42 L. R. A. (N. S.) 346, is not in point. Page was not prosecuted for embezzlement; and the question is not whether the company had probable cause to believe him guilty of embezzlement. The proceeding was under the statute (Code Va.

1930, § 4235) for failing to apply premiums as directed by the policyholders, a statute which was designed, as said by the Supreme Court of Appeals of Virginia in the Sharp Case, 155 Va. 714, 156 S. E. 570, 573, "to compel a faithful discharge of that duty which an agent owes to his principal." An agent who refuses to pay over premiums which he has collected for his principal, and as to which there is no dispute, except upon condition that the principal accept the undisputed amount as payment in full and release the agent from a liability which is disputed, is certainly not discharging faithfully the duty which he owes his principal; and a proceeding to have his license revoked because of such breach of duty cannot be said to be without probable cause.

We need not discuss again the points of law involved in the case. After careful consideration of the petition for rehearing, the majority of the court see no reason to modify anything said in the original opinion. Judge NORTHCOTT, while adhering to his dissent as originally expressed, is of opinion that the petition presents no point not already fully considered by the court, and that the petition for rehearing should be denied.

Petition denied.